**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH S. HYDUK,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 3:14-CR-0189

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before me is Petitioner Joseph S. Hyduk's ("Hyduk") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, submitted on September 3, 2016. (Doc. 64, at 12). For the reasons that follow, the motion will be denied.

**I. Background**

On November 5, 2014, Hyduk pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of tax evasion, in violation of 26 U.S.C. § 7201. (Docs. 16, 17, 18, 19). The charges were the result of a federal investigation which determined that, from August 2010 through November 2013, Hyduk, who was a financial advisor, embezzled money from his clients. Instead of investing the client's money, as instructed by them, Hyduk deposited the funds into his personal bank accounts and used it for his personal gain. (Doc. 36, ¶ 6). Federal investigators determined that during the period charged in the criminal information, Hyduk stole $995,724.28 from at least sixteen clients. (Doc. 36, ¶ 6).

On July 30, 2015, I sentenced Hyduk to 63 months of imprisonment on each count to run concurrently, followed by three years of supervised release. (Doc. 51). Hyduk did not file any appeals.

On July 27, 2016, Hyduk filed a motion to vacate under 28 U.S.C. § 2255. Shortly thereafter, I provided Hyduk with instructions and information regarding his § 2255 petition, as required by *United States v. Miller*, 197 F.3d 644 (3d Cir.1999) and *Mason v. Myers*, 208 F.3d 414, 419 (3d Cir. 2000). (Doc. 58). On September 3, 2016, Hyduk filed his Notice of Election where he withdrew his habeas petition. (Doc. 63). Instead, the same day, he filed a new motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc.

64). In his current § 2255 motion, Hyduk raises claims of ineffective assistance of counsel, alleging that his attorney failed to bring Hyduk's alleged drug addiction to my attention at sentencing; Hyduk argues that the addiction "clouded [his] judgment and was a major factor in causing [him] to commit" the crimes. (*Id.* at 5). The Government opposes Hyduk's motion. (Doc. 67).

## II. Legal Standard

**1.      The Framework of 28 U.S.C. § 2255**

Pursuant to § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468 (1962). The statute provides that, as a remedy for a sentence imposed in violation of the law, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

A district court is required to hold an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. *Id.*; *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir.2005). The threshold the petitioner must meet to obtain an evidentiary hearing is considered to be "reasonably low." *Id.* at 546. With this in mind, in considering a § 2255 motion, the "district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir.2008) (quoting *Booth*, 432 F.3d at 545–46). The district court may, however, dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. *Id.* at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000).

**2.     Ineffective Assistance Claim**

A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements, as initially set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 687-88); *see also United States v. Seeley*, 574 Fed.Appx. 75, 78 (3d Cir. 2014); *Roe v. Flores–Ortega*, 528 U.S. 470, 476-477 (2000) (citing *Strickland*, 466 U.S. at 688, 694). The Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *Booth*, 432 F.3d at 546, which quoted *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

### III. Discussion

I note at the outset that an evidentiary hearing is not required in this matter. 28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Booth*, 432 F.3d at 545; *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also United States v. Tuyen Quang Pham*, 587 Fed.Appx. 6, 8 (3d Cir. 2014); *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *Booth*, 432 F.3d at 546.

Based on the record of this matter, and for the reasons set forth below, I find that Hyduk's ineffective assistance claim is without merit, and no hearing is therefore required for the resolution of Hyduk's § 2255 motion.

As such, I will address each *Strickland* prong in turn. 466 U.S. at 687-88.

**1.     Defense Counsel's Performance**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. *Strickland*, 466 U.S. at 689. "It is ... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Gray*, 878 F. 2d 702, 711 (3d Cir. 1989).

Hyduk bases the instant motion on his counsel's failure to bring Hyduk's alleged drug addiction to my attention at sentencing. Specifically, he blames his defense counsel for not discovering his addiction.

As the Supreme Court has held, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Here, a reasonable investigation was conducted. Defense counsel requested that Hyduk be psychiatrically examined prior to entry of his guilty plea to ensure that Hyduk was competent to enter into a knowing, voluntary, and intelligent admission of guilt. Defense counsel's efforts in this regard resulted in a lengthy competency report prepared by Dilwyn Symes, M.D. Among other findings, Dr. Symes reported that "Hyduk denies any difficulties with drugs or alcohol. No such difficulties are presented in any available records." (Doc. 36, at 22). This conclusion is significant in light of the fact that Dr. Symes, in preparation of the report, reviewed Hyduk's records from two hospitals, including the First Hospital of Wyoming Valley, where, following a suicide attempt, Hyduk was evaluated by "two psychiatrists, and multiple psychiatric nurses, therapists, and

4

social workers," none of whom diagnosed Hyduk with a substance use disorder.[1] (*Id.* at 20; 25). More importantly, Dr. Symes specifically denied that the reason for Hyduk's criminal behavior was a "drug habit." (*Id.* at 23).

Hyduk was again asked about drug use during his interview with a federal probation officer who prepared the presentence report, and Hyduk denied suffering from any substance abuse, acknowledging only that he consumed alcohol during social occasions. (Doc. 36, ¶ 52). Finally, on the day of sentencing, Hyduk appeared before me and denied that "bad habits" were the motivating factor behind his crimes. (N.T., 7/30/2015, at 15-16).

Hyduk now claims that he did not know he was addicted to opioids. He writes that "if someone is using prescription Opiates for several years, then they are addicted to them, and then have to be slowly weaned from them in order to stop. It seems as though someone professionally should have known this from working with people in criminal cases." (Doc. 68, at 1). He further argues that "if someone is known to have been taking these for five years, maybe they should have been screened for addiction along with a psychological exam." (Doc. 68, at 1).

First of all, Hyduk misunderstands the function and objective of an ineffective assistance of counsel claim: he must prove that his *lawyer's* conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Rather, Hyduk focuses on "someone professionally" who "should have known" about the spectrum of addiction and dependence. (Doc. 68, at 1). Hyduk also claims that his defense counsel should have investigated this "potential defense." (Doc. 64, at 8). I remind Hyduk that his lawyer did subject Hyduk to a medical evaluation that revealed that he does not suffer from any substance abuse. To the extent that Hyduk has a claim against the doctor who evaluated him, and who should have, but did not, uncover symptoms of addiction, this is not the forum. Secondly, Hyduk surely must have known that he was habitually, and knowingly,

---

[1] Hyduk was diagnosed with a "mood disorder, not otherwise specified," and was discharged to continue his mental health care at Northeast Counseling Services, which also did not diagnose Hyduk with a substance use disorder. (Doc. 36, at 11).

consuming significant amounts of prescription drugs for five years. Somehow, he failed to disclose it to anyone, and if he did, the three psychiatrists who evaluated Hyduk did not believe that Hyduk's drug consumption amounted to substance abuse.

Thus, Hyduk is unable to show, as he must, that his defense counsel's conduct "fell below an objective standard of reasonableness." Simply put, Hyduk cannot blame his attorney for not discovering a condition that Hyduk denied existed and no medical professional discovered.

**2.      Prejudice to Petitioner**

Hyduk must also demonstrate that his defense counsel's allegedly deficient performance prejudiced him. *Strickland*, 466 U.S. at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Hyduk must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The principal problem with Hyduk's ineffective assistance claim is that he cannot show that he suffered any prejudice as a result of his defense counsel's actions. Hyduk's alleged drug addiction would not provide a reasonable, let alone credible, explanation for his involvement in the crimes for which he was sentenced. There is nothing to suggest that Hyduk's drug addiction would have swayed me into giving him a lower sentence. The sentence I imposed, in accordance with the advisory Guideline range, of sixty-three (63) months of imprisonment, was appropriate given that Hyduk committed a well-planned crime, involving sophisticated financial instruments with nearly one million dollars at stake, and deserved that sentence for having knowingly disregarded the laws of this country and the well-being of his victims, many of whom are elderly, and now destitute.

Hyduk argues that the drugs apparently "contributed to [his] feeling of 'indifferent to the legality of the crimes he was committing.'" (Doc. 68, at 2). That may be so, but the feeling of indifference towards criminal behavior is in no way a mitigating factor I would have

considered at sentencing. According to Hyduk, however, his addiction was "the most relevant factor in sentencing" because it "was a major factor in causing [Hyduk] to commit [his] offense." (Doc. 64, at 5). I disagree. The "major factor" in Hyduk's offense was greed, selfishness, and disregard for others. Hyduk cannot simply blame his theft and deceit on drugs, especially given that his illegal operation supported, and was designed to support, a life of luxury, not an alleged addiction, as he himself admitted to me during sentencing.[2]

Hyduk knowingly deprived a number of people of their hard-earned money only to spend it on himself and his own family. The alleged addiction is now a convenient excuse and a sign that Hyduk may not be capable of accepting full responsibility for his actions.

This is not a case in which the Court must guess at what would have occurred had counsel argued for a downward departure, because I was the sentencing judge in the underlying criminal case. Even if everything Hyduk says is true regarding his drug addiction, I would have imposed the same sentence. As such, Hyduk has failed to establish that he suffered any prejudice from counsel's alleged failings at sentencing. Hyduk's failure to establish any prejudice from counsel's representation precludes him from establishing ineffective assistance of counsel, and Hyduk is therefore not entitled to relief, and his motion to vacate sentence must therefore be denied. *Strickland*, 466 U.S. at 692-93; *Cross*, 308 F.3d at 315.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." However, "a

---

[2]

| THE COURT: | I'm asking, what did you spend it on? |
| HYDUK: | Everything, sir. I mean, expenses, a car. I really didn't earmark it anywhere. I put it in my account and spent it. I mean, if you're asking me, do I have a bad habit or anything? No. |

(N.T., 7/30/2015, p. 15-16).

certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Based upon the motion, files, and records of the instant case, and for the reasons set forth above, I find that Hyduk has failed to make the required showing to establish a claim for ineffective assistance of counsel, and has failed to make a "substantial showing" of the denial of a constitutional right. Thus, Hyduk's claims are inadequate to deserve encouragement to proceed further, and Hyduk is denied a certificate of appealability.

### V. Conclusion

Because I find that defense counsel was not deficient, and that Hyduk cannot demonstrate that "but for counsel's unprofessional errors, the result of the [sentencing] would have been different," *Strickland*, 466 U.S. at 687, Hyduk's motion will be denied, and Hyduk will be denied a certificate of appealability.

An appropriate order follows.


March 17, 2017 /s/ A. Richard Caputo
Date            A. Richard Caputo
                United States District Judge